[No. 6,631.—Department One.]

## FRANK McDONALD v. S. McCONKEY.

Complaint—Surplusage—Pleading—Presumption.—In an action for the conversion of personal property, the complaint alleged attorney's fees as an element of damage. *Held*, that this allegation may be regarded as surplusage, and the jury will be presumed to have disregarded it.

Appeal—Order—New Trial.—An order dismissing a motion for a new trial is erroneous, and such order, if made after judgment, is appealable.

Id.—Practice.—Where there is an appeal from a judgment, and also from an order dismissing a motion for a new trial, an affirmance of the judgment and a reversal of the order should not prevent the Court below from setting aside the judgment, and proceeding to grant a new trial.

Appeal from a judgment, and order dismissing a motion for a new trial, in the Third District Court, County of Alameda. McKee, J.

*A. H. Griffith*, for Appellant.

The jury could not take into consideration the plaintiff's counsel fees and other expenses growing out of the litigation. (*Falk* v. *Waterman*, 49 Cal. 225.)

The order dismissing the defendant's motion for a new trial before a hearing was erroneous. The defendant had a right to be heard upon his motion.

*J. R. Palmer*, for Respondent.

The verdict was not in excess of, nor "the relief granted inconsistent with, the case made by the complaint and embraced within the issue." (Code Civ. Proc. § 580; *Nevada Co. and Sacramento Canal Co.* v. *Kidd*, 37 Cal. 304, 305.)

The COURT:

Defendant filed an answer, and the relief granted to plaintiff by the judgment of the Court below was consistent with the case made by the complaint, and was embraced within the issues. (Code Civ. Proc. § 580.) The allegation of damages in each count of the complaint, with the exception of the words "attorney's fees," is in the words of § 3336 of the Civil Code. The words "attorney's fees" may be rejected as surplusage. The evidence is not before us, and it cannot be assumed that the jury included attorney's fees in their verdict. The judgment should be affirmed.

The order dismissing the motion for a new trial was an order "after judgment," and appealable, and the order was erroneous. (*Calderwood* v. *Peyser*, 42 Cal. 113.)

Although there is but one transcript, there are two *appeals* before us, as distinct as if they had been separately noticed—one from the judgment, and the other from the order denying a new trial. It is hardly necessary to add, that, in such cases, the affirmance of the judgment on direct appeal therefrom, on the judgment roll, should not prevent the Court below from setting aside the verdict or findings (and the judgment based thereon), if it should be satisfied that the motion for a new trial should be granted.

The judgment on direct appeal therefrom is affirmed. The order dismissing the motion for new trial is reversed, and the cause remanded for further proceedings on the motion for a new trial.