## DESCALSO v. DUANE.

### No. 14,794; June 3, 1893.

#### 33 Pac. 328.

**New Trial—Dismissal.—An Order Both Denying and Dismissing** a motion for new trial, though somewhat inconsistent, must be considered as a dismissal, and proper, where, through inexcusable neglect of the moving party the motion has not been brought into condition for hearing.[1]

**New Trial—Dismissal.—The Fact That Such a Motion** can be brought to hearing, under Code of Civil Procedure, section 660, either by the moving or opposite party, after notice or affidavits, etc., does not prevent the opposite party applying for dismissal, where, through inexcusable neglect, the motion has not been brought into condition for hearing.

APPEAL from Superior Court, City and County of San Francisco; John F. Finn, Judge.

Action by P. C. Descalso against John Duane. Order denying and dismissing motion for new trial. Defendant appeals. Affirmed.

Moses G. Cobb for appellant; Stanly, Stoney & Hayes for respondent.

TEMPLE, C.—This appeal is from an order somewhat inconsistent in its terms, denying and dismissing a motion for a new trial. To deny a motion is to entertain and act upon it, and at the same time to end it, when, of course, it cannot be dismissed. A dismissal is a refusal to entertain it. The two forms were adopted because the decisions of this court have caused some doubt as to what is the proper remedy in case the moving party fails to prosecute his motion with reasonable diligence. In Quivey v. Gambert, 32 Cal. 305, it was held that an order dismissing a motion for a new trial, or striking

---

[1] Cited and approved in Smith v. American Falls Canal etc. Co., 15 Idaho, 95, 95 Pac. 1061, where the court declares a duty to be on the party prosecuting an appeal to have the statement settled within a reasonable time and in conformity with statute, and the motion for a new trial heard at the earliest day practicable.

out the statement, was not appealable, because though after
final judgment in point of time, they did not follow it in legal
sequence, or in the same line of procedure, and did not depend
upon it. The court therefore recommended that the trial
court let the motion proceed to the final hearing, and then
deny it for failure to prosecute with reasonable diligence. In
Calderwood v. Peyser, 42 Cal. 110, this rule is criticised, and
the rule declared to be that any special order made after final
judgment is appealable, the only test being the point of time.
But the court still held that it was error to dismiss the motion
for a failure to prosecute, but that the proper practice was to
deny the motion. The legitimate penalty for failure to pros-
ecute an action or proceeding would seem to be a dismissal,
and if it be allowed to be regularly submitted for decision it is
difficult to see why it should not be decided on its merits. This
practice has sometimes been insisted upon since Calderwood
v. Peyser, as in McDonald v. McConkey, 57 Cal. 325, and some-
times it has not been, as in Chase v. Evoy, 58 Cal. 348, in
which it was said it makes no difference. In the present case
the motion was not in a condition to be submitted, and the
order must be considered as a dismissal. I think the practice
was proper.

Appellant contends that such a motion cannot now be dis-
missed for failure to prosecute, because either party may
bring the motion on to be heard: Code Civ. Proc., sec. 660.
This section provides that the motion shall be heard at the
earliest practicable period after notice of the motion, when
made on the minutes of the court, or after the affidavits, bill
of exceptions, or statement, as the case may be, are filed, and
may be brought to a hearing by either party. But before
either party can bring it on to be heard it must be in a con-
dition in which it can be submitted; and if it is not, simply
because of the inexcusable neglect of the moving party, the
opposite party may apply for a dismissal. Here, after the
statement had been agreed upon, the moving party was or-
dered by the court to have it engrossed. More than five
months elapsed before the respondent made his motion for
a dismissal, during which nothing was done. The statement
was a short one, and could have been engrossed in two or
three days. At the time no showing was made, explaining
or excusing the delay, except that a few orders were procured,

extending defendant's time to engross the statement. It does not appear why these were required, or what right the court had to make them, but they do not cover the last two or three months of the period. I do not think we can say that the order dismissing the motion was an abuse of discretion.

Having reached this conclusion, it is not necessary to determine whether the papers used on the hearing were properly identified. There can be no doubt, however, that a bill of exceptions is a safe mode: Herrlich v. McDonald, 80 Cal. 472, 22 Pac. 299. It is required by rule 29 of this court. I think the order must be affirmed.

We concur: Searls, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order is affirmed.