[Sac. No. 853. Department One.—January 22, 1901.]

## LEE DOON et al., Respondents, v. DANIEL TESH et al., Appellants.

CONTEST OF MINING CLAIM—DILIGENCE—DISMISSAL OF NEW TRIAL PROCEEDINGS NOT PROSECUTED.—An action brought under section 2326 of the Revised Statutes by an adverse claimant to determine a contest of the right to the possession of mining ground, for which a patent is sought by the defendant, is required to be prosecuted with reasonable diligence, and where judgment was rendered for the defendant, and a motion for new trial was made by the plaintiff, and remained pending for more than twelve years after amendments were served to plaintiff's proposed statement, without explanation or excuse for the delay, the proceedings for the new trial should be dismissed.

ID.—DUTY OF PARTY MOVING FOR A NEW TRIAL.—It is the duty of the party moving for a new trial to prosecute the motion, and it is not the duty of the defendant who has served proposed amendments to the plaintiff's statement to take any further proceedings toward its settlement.

ID.—DENIAL OF PREVIOUS MOTION NOT APPEALED FROM—RENEWAL OF MOTION—RES ADJUDICATA — IDENTITY OF FACTS.—An order not appealed from denying a previous motion to dismiss the proceedings for a new trial, made two years previously to a renewal of the motion, is not *res adjudicata* upon the renewed motion, unless it appears that the order made thereon was made upon the same facts which existed when the previous motion was made.

ID.—BURDEN UPON PLAINTIFF—ABSENCE OF SHOWING—ABUSE OF DISCRETION.—The burden was upon the plaintiff to show that the facts were the same upon the two motions. In the absence of such showing, and of any explanation of the delay, it was an abuse of discretion not to dismiss the proceedings for a new trial upon the renewed motion.

APPEAL from an order of the Superior Court of Siskiyou County refusing to dismiss proceedings for a new trial. J. S. Beard, Judge.

The facts are stated in the opinion.

R. S. Taylor, for Appellants.

H. B. Gillis, for Respondents.

CHIPMAN, C.—Motion by defendants to dismiss for neglect to prosecute with diligence.

In 1882 plaintiffs brought the action to determine their right to the possession of certain mining ground as against defendants' right to possession. The action was brought under section 2326 of the Revised Statutes of the United States. Defendants had judgment on demurrer in January, 1882. An appeal was taken to this court and the judgment was reversed as to one of the plaintiffs, with instructions to overrule the demurrer to his complaint with leave to defendants to answer thereto, and as to the other plaintiffs the judgment on the demurrer was affirmed. Subsequently, in 1886, the cause was tried by the court without a jury, findings made in favor of defendants, and it was adjudged that the plaintiff, as to whom the action remained, take nothing, and judgment was entered for defendants November 29, 1886. Plaintiffs served a statement on motion for a new trial August 13, 1887, proposed amendments to which were served by defendants September 2, 1887. No further steps were taken on the motion for new trial. The judge who rendered judgment and made the findings went out of office, and on July 3, 1897, a motion was made before his successor by defendants' counsel "to dismiss proceedings now pending in said action." The notice of the motion stated that "said motion will be made upon the records, files, and papers in said cause and upon the ground of plaintiffs' neglect to prosecute said action with diligence." The motion was to dismiss all proceedings now pending in the action, and the court denied the motion April 13, 1898, and no appeal was taken from the order. Defendants, on April 20, 1900, gave notice of a motion "to dismiss said cause and all proceedings now pending therein," stating that "said motion will be made upon the records, files, and papers in said cause, and upon the ground that plaintiffs have neglected and refused to prosecute said action in refusing and neglecting to settle the statement on motion for a new trial, or to take any step for its settlement for the period of ten years." A motion was made in accordance with the notice, and on May 8, 1900, was denied and the appeal is from this order.

Respondents make no objection to the form of the record, and treat all the matters set out in the transcript as properly here, and we shall also do so.

Respondents concede that the order now here was appealable (*McDonald v. McConkey*, 57 Cal. 325); but they contend that defendants having failed to appeal from the order denying the first motion to dismiss, made April 13, 1898, that order became *res judicata* and terminated defendants' right to move for a dismissal. We do not think defendants were precluded from again making a motion to dismiss under the facts shown in this case.

Here plaintiffs gave notice of intention to move for a new trial and served a proposed statement, and defendants served their proposed amendments and there the plaintiffs halted. Defendants had applied at the United States land office for a patent, and plaintiffs interposed adverse claims and filed a protest in the land office, claiming a portion of the land claimed by defendants. Under section 2326 of the United States Revised Statutes this protest stayed proceedings "until the controversy shall have been settled or decided by a court of competent jurisdiction or the adverse claim waived." The statute makes it the duty of the adverse claimant, "within thirty days after filing his claim to commence proceedings in a court of competent jurisdiction to determine the right of possession, and prosecute the same with reasonable diligence to final judgment; and a failure so to do shall be a waiver of his adverse claim." The statute also provides that after final judgment the party entitled to possession of the claim may file a certified copy of the judgment-roll with the register of the land office, and upon complying with certain other provisions patent may then issue. It is probably true that the filing of the judgment-roll would not entitle the claimant to a patent under the United States statute in the face of evidence that an appeal had been taken or was being taken, or that proceedings for a new trial were pending, and hence defendants could not avail themselves of their judgment until the motion to dismiss was disposed of.

Where a motion for new trial is to be made on a statement of the case, the moving party must serve the proposed statement on the adverse party within a certain time and if the state-

ment is not agreed to by the adverse party, the latter must, within a certain time, serve his proposed amendments. If the amendments are adopted, the statement shall be amended accordingly, and then presented to the judge for settlement; if not adopted, the moving party must present the proposed statement and amendments to the judge (Code Civ. Proc., sec. 659, subd. 3); and thereupon the proceedings for the settlement of the statement shall be taken by the parties as are required for the settlement of bills of exception by section 650. This latter section requires the moving party to present the proposed bill and the amendments to the judge who heard the case, and it becomes the duty of the judge to fix the time to settle the bill and notify the parties, and he must then settle the bill. If he should neglect or refuse to do so, the party desiring the bill settled may then come to this court and have the bill settled. (Code Civ. Proc., sec. 652.) Section 660 requires an application for a new trial to be heard, after the statement is filed, "at the earliest practicable period after notice of the motion; . . . . and may be brought to a hearing upon motion of either party" after the statement is filed. In the present case the proposed statement was served, and so also were proposed amendments, but there the proceedings ended. Whether the proposed amendments were adopted or not it was the duty of the moving party to present the statement and amendments to the judge. Defendants did all they were required to do when they presented their proposed amendments. They had no opportunity to call up the motion for a hearing, as the statement was not filed with the judge. When the first motion to dismiss the proceedings was heard and denied, it was upon evidence of which we are not advised, and it must be presumed it was sufficient. Plaintiffs may have made a counter-showing, satisfactorily explaining the long delay in the matter of the motion for a new trial. At the hearing of the last motion to dismiss two years of still further delay appeared, and nothing was shown to have been done by plaintiffs in the meantime or at any time to bring forward their motion for a new trial.

There was no counter-showing by plaintiffs in any way explaining or excusing their neglect for ten or twelve years to proceed with their motion for a new trial; their reliance seems

to have been wholly upon the order denying the first motion to dismiss as a bar to the second motion. We think the evidence adduced by defendants in support of their motion showed gross and inexcusable neglect on the part of plaintiffs, and, unless satisfactorily explained, was such as constituted a denial of defendants' motion an abuse of discretion, unless the first order barred the relief. Before we could say that the last order was barred by the first order on the doctrine of *res judicata,* it would have to appear that the last order was made upon the same facts which existed when the first motion was made, and the burden was on plaintiffs to make this showing. The power of the court to dismiss the proceedings looking to a new trial seems to be conceded, and we do not, therefore, pass upon that question. The court clearly could not dismiss the action on this motion as it had gone to final judgment.

We think, however, that the court should have granted the motion to dismiss the proceedings taken under the motion for a new trial. It is advised that the order be reversed, with directions to dismiss the proceedings relating to the new trial.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order is reversed, with directions to dismiss the proceedings relating to the new trial. Van Dyke, J., Harrison, J., Garoutte, J.