(December 31, 1903.)

## McCREA v. McGREW.

[75 Pac. 67.]

APPEALS FROM JUDGMENT AND ORDER DENYING MOTION FOR A NEW TRIAL—MOTIONS TO DISMISS.

1. Under the provisions of section 4807, Revised Statutes, an appeal taken more than one year after the entry of a judgment will be dismissed on motion.

2. Unless good cause is shown for the delay, an appeal from an order denying a new trial taken more than a year after the entry of judgment will be dismissed on motion.

3. Where no error affecting the substantial rights of the defendant appears in the record, the judgment will be affirmed.

(Syllabus by the court.)

APPEAL from District Court of Latah County. Honorable Edgar C. Steele, Judge.

Action to recover for the conversion of certain wheat. Judgment for the plaintiffs. Affirmed.

Forney & Moore, for Appellants, cite no authorities on the points decided by the court.

George W. Tannahill and S. S. Denning, for Respondents.

In this action respondents have filed motions to dismiss the appeals both from the judgment and from the order denying a new trial and based upon the several grounds designated in the motion. We will first consider the motion to dismiss the appeal from the judgment, which we contend is well taken, should and will be sustained by this honorable court. Subdivision 1, section 4807, Revised Statutes of Idaho, provides that appeals from judgments must be taken within one year after the entry of the judgment. (*Marchand v. Ronaghan, ante,* p. 95, 72 Pac. 731; *Robson et al. v. Colson, ante,* p. 215, 72 Pac. 951.)

SULLIVAN, C. J.—This action was brought by respondents as plaintiffs against the appellants as defendants, to recover the

sum of $500 damages for the conversion of one thousand and sixty-seven bushels of wheat alleged to belong to respondents. The complaint contains the proper allegations of copartnership of both the respondents and appellants, which allegations were admitted by the defendants.

It is alleged that during the month of September, 1900, one Peter Thompson delivered to the defendants one thousand and sixty-seven bushels of wheat, which allegation is admitted by the defendants' answer. Plaintiffs also allege that upon the delivery of said wheat defendants issued to said Thompson a number of wheat receipts or tickets which are dated at Kendrick, Idaho, signed by the Kendrick Grain Company by E. Lewellyn, who was then in the employ of defendants, managing and conducting their said warehouse business and acting as their agents in Nez Perce county, Idaho, all of which is admitted by appellants.

It is further alleged that on or about the ——— day of December, 1900, the said Thompson for value, assigned and delivered said wheat receipts or tickets, and the wheat represented by them, to the plaintiff, who is now the lawful owner and holder thereof, which allegations are denied by appellants.

It is also alleged that upon the ——— day of September, 1900, said defendants transferred said wheat from said Nez Perce county, by means of a pipe-line by shooting the said wheat into said pipe across Potlach creek into the county of Latah, and that said wheat evidenced by said tickets subsequent to said time and the conversion thereof, remained in said Latah county. It is also alleged that defendants have failed and refused to deliver or return the said one thousand and sixty-seven bushels of wheat, or any part thereof, to the said plaintiffs or to said Thompson, plaintiffs' assignor. This latter allegation is admitted by the appellants. It is also alleged that appellants have converted said wheat to their own use to the plaintiffs' damage in the sum of $500, which allegation is denied by defendants. By the answer of defendants it is denied that said one thousand and sixty-seven bushels of wheat is of the value of $500, or of any other or greater sum than the sum of $400, and appellants seek to justify their failure to de-

liver said wheat by their denial that the same was transferred from the said Nez Perce county to said Latah county, and aver that said wheat was destroyed by fire in Nez Perce county on the eleventh day of October, 1900.

This case was tried on the issues thus made on the twentieth day of December, 1901. A verdict of the jury was returned on the twenty-first day of December, 1901, in favor of the plaintiffs and against the defendants, for the sum of $456.30, and judgment was duly entered in favor of the plaintiffs for said sum on the latter date. Thereafter a motion for a new trial was made by appellants and denied by the court. The appeal is from the judgment and from the order denying a motion for a new trial. The respondents interposed a motion to dismiss the appeal; the first from the judgment on the ground that the appeal was not taken from the judgment within one year, and the other from the order denying a new trial on the ground that the appeal from said order was not taken within one year from the date of the judgment.

As to the first motion, the judgment was entered on the twenty-first day of December, 1901. The notice of appeal from the judgment was not served until the fourth day of April, 1903, about three months and one-half after the year had expired in which an appeal from the judgment may be taken.

Section 4807, Revised Statutes, provides *inter alia* that an appeal may be taken from the district to the supreme court from a final judgment in an action or special proceeding within one year after the entry of the judgment. As said appeal was not taken within a year after the entry of said judgment, the motion to dismiss said appeal must be sustained. (*Marchand v. Ronaghan, ante,* p. 95, 72 Pac. 731.)

As to the motion to dismiss the appeal from the order denying a new trial. It appears from the record that judgment was entered in this case on the twenty-first day of December, 1901, and the motion for a new trial was denied on the fifth day of February, 1903. Thus it will be seen that more than thirteen months had passed from the entry of said judgment until the motion for a new trial was denied by the court.

The bill of exceptions and statement of the case contain one hundred and twenty-nine pages and was settled on October 9, 1902. It is thus shown that about four months elapsed from the settlement of said statement prior to the order denying a new trial. The record shows such an utter want of diligence in the appellant in prosecuting his appeal that the appeal from the order denying a new trial ought to be sustained. While the statute gives a party the right to appeal from a judgment within a year from its rendition, it also contemplates that if a motion for a new trial is to be made in the case, that the same should be made within a year from the entry of the judgment.

If a party without showing good and sufficient reasons for the delay does not or fails to have his motion for a new trial passed upon within a year from the rendition of the judgment, an appeal from an order denying a new trial in such case ought to be dismissed on proper motion.

For the reason that the writer of this opinion had extended the time for filing the transcript in this case beyond the time prescribed by the rules of this court, and regardless of our views upon said motions to dismiss both appeals, we have examined the transcript and briefs of respective counsel to ascertain whether reversible error had been committed by the trial court. We find no error that would require or justify the reversal of the judgment.

The giving of the following instructions to the jury is specified as error, to wit: "And if you find that the defendants converted said wheat or any portion of the same to their own use as alleged, the measure of damages will be the highest market value for the wheat so converted at the place of conversion, at any time from the said conversion to the present date."

There is some diversity of opinion as to the correctness of said instruction. In *Page v. Fowler et al.,* 39 Cal. 412, 2 Am. Rep. 462, it is held that the correct measure of damages, in cases like that at bar where exemplary damages are not allowed, is the highest market value of such property within a reasonable time after the property was taken, with interest thereon from the time such value was estimated. That is a

very instructive case and many of the authorities *pro* and *con* on the question involved are cited and commented upon therein.

In *Mashburn & Co. v. Dannenberg Co.*, 117 Ga. 567, 44 S. E. 97, it was held that the true measure of damages in that case was the highest proven value of the property taken at any time between the date of conversion and the trial, or its value at the date of the conversion with interest from that date. (*Fish v. Nethercutt et al.*, 14 Wash. 582, 53 Am. St. Rep. 892, 45 Pac. 44.)

The counsel for appellants contend that the proper rule in such cases is the value of the property at the date of conversion, with legal interest thereon from that date. Conceding that to be correct, and as appellants admit that said one thousand and sixty-seven bushels of wheat were worth $400, there is only a difference of less than $24 betweeen the $400, with legal interest and the amount of judgment entered.

Under the peculiar facts in this case we would not feel justified in reversing the judgment for so small a discrepancy, even though we should determine the correct rule to be otherwise than as stated by the trial judge. We therefore express no opinion as to the rule for measure of damages in such cases.

The judgment is affirmed, with costs in favor of respondents.

Stockslager and Ailshie, JJ., concur.