(June 5, 1908.)

## J. W. SMITH, Respondent, v. AMERICAN FALLS CANAL & POWER COMPANY, a Corporation, Appellant.

[95 Pac. 1059.]

MOTION FOR NEW TRIAL—APPEAL—DILIGENCE IN HAVING STATEMENT SETTLED AND MOTION PASSED UPON.

1. Where an appeal has not been taken from the judgment within one year after the entry of such judgment, such appeal will be dismissed upon motion.

2. Where an appeal is taken from an order denying a new trial, after the expiration of one year from date of judgment, and proper diligence is not shown in prosecuting such appeal, the same will be dismissed upon proper motion.

3. The law contemplates and requires that a motion for a new trial shall be heard at the earliest practicable period, and, in bringing said motion on to be heard, counsel are required to prosecute with diligence the steps necessary to prepare such motion for hearing; and where it is shown that sixteen months have expired between the date of judgment and the hearing of the mo-

tion for a new trial, where no excuse is shown for the delay, the appeal from the order will be dismissed.

4. If the judge in any case refuse to allow an exception in accordance with the facts, the party desiring the bill settled may apply by petition to the supreme court to prove the same. If, however, the failure to settle such statement is not the fault of the trial judge, but is the fault of counsel preparing the same for settlement, the want of diligence may be ground for dismissing the appeal from the order denying the motion for new trial.

(Syllabus by the court.)

APPEAL from the District Court of the Sixth Judicial District for Bingham County. Hon. J. M. Stevens, Judge.

An action to recover debt and foreclose a mechanic's lien for labor, alleged to have been performed upon a canal system. Motion to dismiss the appeal from the order overruling the motion for a new trial. *Motion sustained.*

William A. Lee, Hansbrough & Gagon, and F. A. Sweet, for Appellant, cite no authorities on points decided.

John W. Jones, for Respondent.

As this appeal was not taken within a year after the entry of judgment or decree, the motion to dismiss appeal should be sustained. (*McCrea v. McGrew*, 9 Ida. 382, 75 Pac. 67; *Marchand v. Ronaghan*, 9 Ida. 95, 72 Pac. 731; *Robson v. Colson*, 9 Ida. 215, 72 Pac. 951, and cases cited.)

STEWART, J.—On July 11, 1906, the plaintiff recovered a judgment against the defendant in the district court for Bingham county. A statement on motion for a new trial was afterward prepared and settled by the trial judge and filed in said court on November 6, 1907. An order was made and filed by the trial judge on November 9, 1907, overruling the defendant's motion for a new trial. A notice of appeal from the judgment, and from the order overruling the motion for a new trial, was served and filed in said court on November 21, 1907. The transcript on appeal was filed in this court on

January 15, 1908.   Counsel for respondent files two motions in this court: 1st. To dismiss the appeal from the judgment, for the reason that the appeal was not taken until more than one year had elapsed after the entry of said judgment or decree.   As seen from the above statement, the judgment was entered on July 11, 1906.   The notice of appeal from the judgment was served and filed on November 21, 1907, more than sixteen months after the entry of the judgment.   This motion was confessed upon the argument and the appeal from the judgment was ordered dismissed.   (*Marchand v. Ronaghan,* 9 Ida. 95, 72 Pac. 731; *McCrea v. McGrew,* 9 Ida. 382, 75 Pac. 67.)

Respondent also filed a second motion to dismiss the appeal from the order overruling the motion for a new trial, for the reason that the motion for a new trial was not passed upon within one year from the rendition of the judgment, and no satisfactory showing has been made accounting for such delay. The judgment was entered on July 11, 1906.   The statement was settled by the trial court on November 6, 1907.   The motion for a new trial was presented to the court some time between November 6 and November 9, 1907, and upon the latter date, about sixteen months after the rendition of said judgment, was overruled.

In explanation of the delay, counsel for appellant file an affidavit of Wm. A. Lee, one of appellant's counsel, in which it is stated that the reporter furnished a transcript of the evidence about October 15, 1906; that counsel for appellant prepared its statement or bill of exceptions, and served the same on counsel for respondent on November 21st, and thereupon counsel for respondent was given thirty days to prepare amendments thereto; that the amendments were prepared and served about the 21st of December, and consisted, as shown in the affidavit of counsel for appellant, of about twenty-three pages of closely typewritten matter, consisting of 238 separate proposed amendments, which counsel for appellant were unwilling to accept, and on the 31st day of December returned the same to the clerk for delivery to the judge for settlement, and advised the court that counsel for

appellant were ready and willing to attend, at any time or place, to aid in the settlement of said proposed amendments; that in February, 1907, affiant counsel for appellant, who resides in Salt Lake City, Utah, having been advised that the district court was in session at Blackfoot, attended the same for the purpose of having said statement settled, and appeared in open court and requested that the settlement of said statement be taken up, but said court was engaged in the trial of jury cases until the end of the term, and was unable to take up said statement at that time; that again in May following, affiant counsel for appellant went to Blackfoot for the sole purpose of again moving for the settlement of said statement but found the court engaged in the trial of cases and unable to reach said settlement, and, both parties being present, it was agreed that defendant's counsel should go through said amendments and indicate such amendments as he was willing to accept, and report the same in writing within twenty days, and thereafter plaintiff's counsel should do likewise; that an order was entered to that effect, and that defendant's counsel reported in writing to the court and to plaintiff, and requested that said statement be settled at once; that following this record counsel for defendant continued upon every possible occasion to urge its settlement, and signified their willingness to aid the court in such labor.

In opposition to this affidavit John W. Jones, counsel for respondent, files an affidavit, in which he alleges that the proposed amendments and the statement were filed prior to January 1, 1907; that during the time from January 1, 1907, to July 11, 1907, affiant repeatedly urged upon counsel for appellant the necessity of an early disposition of the motion for new trial in this action, and that counsel for plaintiff held himself in readiness at all times to take up and dispose of said matter, and, upon one occasion, William A. Lee, of counsel for appellant, and affiant considered together the right of respondent to prevail with reference to a large number of said proposed amendments to the statement, and agreed upon the allowance of certain amendments, and thereafter the said William A. Lee left the matter of the disposition of the re-

maining proposed amendments in an unsettled condition, and nothing was done with reference thereto for a long time; that upon several occasions this affiant made arrangements with the judge of the district court for the hearing of the disposition of said matters, but was unable to get the matter before the court, and that, as counsel for respondent, he waived many of the proposed amendments in said statement in order to expedite the settlement of the statement, and that no engrossed statement was ever filed or presented to the said district court upon said motion for a new trial, but that the amendments allowed were made by interlineation.

This latter affidavit is not contradicted in any way by appellant. The record then discloses that the amendments to the proposed statement consisted of 238 separate proposed amendments. This, of itself, indicates that counsel for appellant may have overlooked a careful preparation of the proposed statement. Of course, this court cannot say whether or not these proposed amendments to the statement were proper and justified or not, but, in this connection, it may serve a purpose to suggest that counsel, in preparing statements or bills of exceptions, should attempt earnestly to embrace therein everything and every part of the testimony and record required to properly present to the appellate court the question under contest, and not leave this labor for respondent. This causes delay. Counsel were unable to agree as to the amendments, and the statement and proposed amendments were lodged with the clerk of the district court for the judge on December 31, 1906. Counsel for appellant seems to have permitted matters to remain in this condition until some time in February, 1907, when counsel attended a session of the district court of Bingham county, for the purpose of having the statement settled, but that the court was engaged in the trial of jury cases and was unable to settle the same at that time. The same fact was stated with reference to another effort in May. At both of these visits the trial court was engaged in the trial of cases and unable to settle the same.

It is rather strange that counsel for appellant became diligent only at times when the trial court was engaged in other

business. It was not necessary for the court to be in session in order to settle a statement, and the trial court was not obligated to discontinue the trial of a case in order to settle a statement.

Rev. Stat., sec. 4442, provides:

"The application for a new trial shall be heard at the earliest practicable period after notice of the motion, if the motion is to be heard upon the minutes of the court, and in other cases, after the affidavits, bill of exceptions, or statement, as the case may be, are filed, and may be brought to a hearing upon motion of either party."

Rev. Stat., sec. 4441, provides that:

"The party intending to move for a new trial must, within ten days after the verdict of the jury, if the action were tried by a jury, or after notice of the decision of the court or referee, if the action were tried without a jury, file with the clerk and serve upon the adverse party a notice of his intention, designating the grounds upon which the motion will be made," etc.

Under the statute, where a motion for a new trial is to be heard on a statement, the moving party must serve the proposed statement on the adverse party, and if the same is not agreed to, the latter must, within a certain time, serve his proposed amendments. If the amendments are adopted, the statement is engrossed accordingly. If not adopted, the moving party must present the statement and amendments to the judge. It is the duty of the judge to fix a time to settle the statement after the same and the amendments proposed have been filed with the clerk. If he should neglect or refuse to do so, the party desiring the statement settled may apply to this court and have the bill settled, under the provisions of sec. 4432, Rev. Stat.; see, also, *Dernham v. Lieuallen,* 4 Ida. 528, 43 Pac. 74.

In the present case, the proposed statement was served, and also the amendments, and there the proceedings end for ten months. It was the appellant's duty, who was prosecuting the appeal, to have the statement settled in a reasonable time, and in the manner provided by the statute; and, in the

absence of a showing fully explaining the long delay in having said statement settled, and the motion for a new trial heard and determined at the earliest practicable period, the appeal from the order will be dismissed where the appeal is taken from the order more than one year after the judgment. (*Mc-Crea v. McGrew*, 9 Ida. 382, 75 Pac. 67; *Lee Doon v. Tesh*, 131 Cal. 406, 63 Pac. 764; *Descalso v. Duane* (Cal.), 33 Pac. 328.)

While the statute fixes no time within which a motion for a new trial must be heard, yet the statute does require that notice of intention to move for a new trial shall be served within ten days after the decision of the court, and that the application for a new trial shall be heard at the earliest practicable period after the notice of motion. This contemplates that the party intending to move for a new trial shall, with diligence, prosecute such motion. The fact that judgment was rendered in July, 1906, and the statement was not settled until November 6, 1907, does not show diligence on the part of the appellant to bring about a hearing upon his motion for a new trial, and fails to show that the appellant is prosecuting the appeal in good faith. (*McCrea v. McGrew*, 9 Ida. 382, 75 Pac. 67.) The statute contemplates that a party against whom a judgment has been rendered, who desires to have the same reviewed in the appellate court, shall prosecute the appeal with diligence, in order that the same may be speedily settled and litigation ended. (*McGrea v. McGrew*, 9 Ida. 382, 75 Pac. 67.) If it develops, in an effort to secure the settlement of a statement that the fault for the delay is with the trial judge, the appellant is afforded a complete remedy by the statute; but, if counsel for appellant presents a defective or insufficient statement, and imposes upon the respondent the necessity of preparing practically a new statement, and imposes upon the trial court the duty of going through the proposed statement and amendments and drafting a new statement, this fact alone shows lack of diligence and good faith in prosecuting such appeal, in the absence of a showing by affidavit or otherwise that counsel has exercised reasonable diligence in an effort to have such statement settled within a rea-

sonable time, and that the fault was with the court and not with counsel.

After this motion was argued and submitted, and the court decided the matter orally, Richards & Haga, appearing as counsel for appellant, filed a motion, asking this court to vacate the former order dismissing the appeal and to reinstate said case, and filed an additional affidavit of William A. Lee, and also an affidavit of J. H. Richards. An examination of these affidavits, however, does not change the mind of this court or show that the appellant has prosecuted this action with that diligence contemplated and required by the statute.

The motion to dismiss the appeal from the order denying a new trial is sustained and the motion to reinstate the appeal is also denied. Costs awarded to respondent.

Ailshie, C. J., and Sullivan, J., concur.