(January 21, 1909.)

D. C. WOOD, Respondent, v. N. TANNER, Jr., Appellant.

[99 Pac. 123.]

TRANSCRIPT — BILL OF EXCEPTIONS — TIME OF FILING — MOTION FOR A NEW TRIAL—APPEAL.

　　1. Where the transcript shows that the bill of exceptions was not settled and filed until after the hearing of the motion for new trial, such bill of exceptions will be stricken from the transcript.

*Buckle v. McConaghy,* 11 Ida. 533, 83 Pac. 525, followed and approved.

2. Where an appeal is taken from an order denying a new trial after the expiration of one year from date of judgment, and proper diligence is not shown in prosecuting such appeal, the same will be dismissed upon proper motion. *Smith v. American Falls Canal & Power Co.,* 15 Ida. 89, 95 Pac. 1059, followed and approved.

(Syllabus by the court.)

APPEAL from the District Court of the Sixth Judicial District for Bingham County. Hon. J. M. Stevens, Judge.

An action to recover damages for breach of the terms of a lease. Judgment for plaintiff. Defendant appeals. *Appeal dismissed.*

N. Tanner, Jr., and Hawley, Puckett & Hawley, for Appellant, cite no authorities.

A. M. Bowen, for Respondent.

Unless good cause is shown for delay, an appeal from an order denying a new trial will be dismissed upon motion, where such motion for new trial was not brought on for hearing within one year after the rendition of the judgment. (*McCrea v. McGrew,* 9 Ida. 382, 75 Pac. 67; *Smith v. American Falls etc. Co.,* 15 Ida. 89, 95 Pac. 1059.)

The statutes of the state contemplate that the motion for a new trial shall not be heard until after the bill of exceptions shall have been settled and filed. (Sec. 4442, Rev. Stat.; *Buckle v. McConaghy,* 11 Ida. 533, 83 Pac. 525; *Mills v. Dearborn,* 82 Cal. 51, 22 Pac. 1114; *Mix v. San Diego etc. R. R.,* 86 Cal. 235, 24 Pac. 1027.)

STEWART, J.—In this case the respondent recovered a judgment against the appellant for the sum of $1,200 for breach of the terms of a lease. The appellant moved for a new trial, which was denied by the trial court, and this appeal is from the order overruling the motion for a new trial.

In this court, respondent moves to strike the bill of exceptions from the transcript and to dismiss the appeal. The first motion must be sustained upon the authority of *Buckle*

*v. McConaghy*, 11 Ida. 533, 83 Pac. 525, which is followed and approved. The second motion must be sustained upon the authority of *Smith v. American Falls Canal & Power Co.*, 15 Ida. 89, 95 Pac. 1059, which is followed and approved. The appeal, therefore, in this case is dismissed. Costs awarded to respondent.

Ailshie, J., concurs.

(March 6, 1909.)

ON PETITION FOR REHEARING.

[99 Pac. 1053.]

AILSHIE, J.—A petition for rehearing has been filed in this case, and although it is not the practice of this court to entertain petitions for rehearing where an appeal has been dismissed, we have nevertheless examined the petition and have thought it proper and timely to make some observations touching at least one point urged by the petitioner.

In the first place, we must determine this, as well as all other cases, upon the record presented to us. If litigants fail to get all the facts bearing upon the case in the record, it is their misfortune. If we were to judge this matter by the statements contained in the petition and the argument, we would necessarily conclude that the attorney for the respondent, the trial judge and the clerk of the trial court, have all contributed so much toward delaying a hearing of this case on appeal that we would be justified in retaining jurisdiction of this case and hearing it on the merits. But the fact remains from the record that the case has dragged along for more than a year without the settlement of the statement and bill of exceptions. It is true that the statute makes it the duty of the trial judge to fix the earliest practicable date possible for the settlement of a statement and bill of exceptions. In practical working, however, we know that a judge cannot keep run of all these matters unless they are called to his attention by the litigants. In fact, the litigant is supposed to call the matter to the attention of the court and

serve notice upon the adverse party and bring the matter on for hearing and settlement. If, in fact, a trial judge delays the hearing and settlement of a statement or bill of exceptions, or declines to settle the same, the litigants have a speedy and adequate remedy to compel action. This court has uniformly announced its purpose of discouraging and discountenancing delays in the prosecution of appeals, and it will just as readily lend its aid and assistance in commanding speedy action by the trial court in the settlement of a statement or bills of exception if it should at any time appear that a trial judge has declined or refused to act. The duty of action is upon the appellant. It is his duty to prosecute his appeal with diligence. It has not been our experience that the trial courts of this state have participated in or encouraged delays in the settlement of statements or bills of exception or the prosecution of appeals. The delay is generally on the part of the attorneys. However this may be, this court reaffirms its intention to maintain a uniform rule to the effect that litigants desiring to prosecute appeals must do so with diligence and reasonable dispatch, and that where laches are imputable to them they will be chargeable accordingly. If the litigant cannot get his statements settled, he has a remedy in appealing and enforcing action, and this court is always open to him. No sufficient reason has been shown for granting a rehearing in this case. The petition is denied.

Stewart, J., concurs.