(November 22, 1913.)

## GRACE BEHRENSMEYER and D. N. LORDS, Plaintiffs, v. JAMES G. GWINN, Judge, Defendant.

[136 Pac. 623.]

APPEAL—MOTION FOR A NEW TRIAL—DILIGENCE IN PREPARING STATEMENT—TIME OF HEARING APPLICATION FOR A NEW TRIAL.

1. Sec. 4442, as amended by chap. 118, Laws of 1911, p. 377, provides that "the application for a new trial shall be heard at the earliest practicable period after notice of the motion. . . . . "

2. Sec. 4807, Rev. Codes, as amended February 20, 1911, Laws of 1911, chap. 111, par. 1, provides: "An appeal may be taken to the supreme court from a district court: 1. From a final judgment in an action or special proceeding commenced in the court in which the same is rendered . . . . within sixty days after the entry of such judgment."

3. Sec. 4818, Rev. Codes, as amended by Laws of 1911, chap. 117, provides: "On an appeal from a final judgment the appellant must furnish the court with a copy of the notice of appeal, of the judg-

ment-roll and of any bill of exceptions or reporter's transcript prepared and settled as prescribed in sec. 4434, upon which the appellant relies."

4. While the statute fixes no time within which a motion for a new trial must be heard, the statute does require that notice of intention to move for a new trial shall be served within ten days after the decision of the court, and that the application for a new trial shall be heard at the earliest practicable period after the notice of motion. This contemplates that the party intending to move for a new trial shall with diligence prosecute such action. The fact that the judgment was rendered on June 20, 1910, and no attempt made to settle the bill of exceptions until October 18, 1913, does not show diligence on the part of the appellant to bring about a hearing upon the motion for a new trial, and fails to show that the appellant is prosecuting the appeal in good faith; neither was the motion heard at the earliest practicable period after the notice of motion.

An application for a writ of prohibition to Hon. James G. Gwinn, Judge of the Ninth Judicial District for the County of Bonneville. Writ allowed.

Otto E. McCutcheon and Linger & Hanson, for Plaintiffs.

The ten-day limit fixed by sec. 4430 within which to prepare and serve a bill of exceptions is jurisdictional. (*Lydon v. Piper,* 5 Ida. 541, 51 Pac. 101.)

Under sec. 4441 the defendant should either have given his notice of intention within the ten days or should, within the same ten days, have had the time extended. (*Burton v. Todd,* 68 Cal. 485, at 487, 9 Pac. 663.)

The same proposition applies to an attempt to settle a bill of exceptions under sec. 4430.

Under the decisions of this court jurisdiction to settle a bill of exceptions at the present state of the case is lost for laches, want of diligence and delay on the part of the defendant, and the whole record taken together tends to show lack of good faith. (*Smith v. American Falls etc. Co.,* 15 Ida. 89, at 95, 95 Pac. 1059.)

The fault for delays cannot be charged to the judge because appellant is afforded a complete remedy by the statute. (*Wood v. Tanner,* 15 Ida. 689, at 690, 99 Pac. 123, 1053;

*Buckle v. McConaghy,* 11 Ida. 533, 83 Pac. 525; *Sandstrom v. Smith,* 11 Ida. 779, 84 Pac. 1060; *Simpson v. Pioneer Irr. Dist.,* 17 Ida. 435, 106 Pac. 1.)

E. M. Holden, for Defendant, files no brief.

STEWART, J.—This is an application for a writ of prohibition to Hon. James G. Gwinn, district judge of the ninth judicial district for the county of Bonneville, commanding and restraining him from proceeding any further to settle any bill of exceptions in the case of *Behrensmeyer et al. v. Plank* or to entertain or hear any motion for a new trial therein or to further interpose the said stay of proceedings to prevent the plaintiffs from collecting their damages recovered by them and otherwise realizing the fruits of their judgment. The prayer of the application requests that a writ of prohibition be issued in the alternative in the first instance, to be followed by a peremptory writ after the hearing, and that a time be fixed for the return of the alternative writ with directions for notice to the district judge and a hearing on his answer.

This petition was subscribed to by Otto E. McCutcheon and attached to it are exhibits which we will hereafter refer to. Judge Gwinn filed an answer, verified by him, apparently intended to be denials of different allegations of the petition.

At the hearing the case was orally argued, and a brief was submitted by counsel for the plaintiffs. The defendant did not appear at the hearing, either personally or by counsel, except by the answer that was filed. The petition for the writ states the facts briefly as follows: That the action in the district court was an equitable action; that the answer in that case stated an issue which was submitted to the jury and on November 15, 1909, the jury returned a verdict for the plaintiff for $800 damages. June 9, 1910, Judge Stevens made his findings of fact and conclusions of law, adopting the verdict of the jury upon the issues submitted to them, and on June 20, 1910, entered a decree for plaintiffs, and on July 8, 1910, a copy of the decree was served on the attorney for the

defendant and receipted for by him.    The defendant and his
counsel treated the proceedings before the jury as a trial of
the case, and on November 18, 1909, Judge Stevens gave the
defendant ninety days within which to prepare, serve and
file a notice of intention to move for a new trial and to pre-
pare and serve his proposed bill of exceptions or statement.
A similar order was made by Judge Stevens February 13,
1910, and a third on May 10, 1910, and a fourth on August
2, 1910, and the record shows that ten such orders altogether
were made.    These orders were granted without hearing and
with no showing or cause so far as the record is concerned.
Such orders purported to extend such time from the 18th day
of November, 1909, up to and including the 28th day of March,
1912.

Otto E. McCutcheon has been attorney for plaintiffs
throughout the proceedings and Linger & Hanson came into
the case by agreement to represent plaintiff Lords.    On
March 28, 1912, the defendant undertook to give notice of his
intention to move for a new trial and serve his bill of excep-
tions.    Service of papers was refused by McCutcheon on the
ground of laches and lack of due diligence.    Linger & Han-
son accepted service.    The papers were filed and on the same
day, March 28th, the clerk handed the purported bill of ex-
ceptions to Judge Gwinn of the ninth judicial district.    The
defendant took an appeal from the judgment, June 17, 1911.
The appeal was dismissed by this court September 15, 1913,
for laches.    No stay bond was filed affecting the appeal.    On
July 31, 1913, an execution was taken out.    The stay bond
was filed August 11, 1913, and the execution withdrawn.
*Remittitur* after dismissal of appeal came down from the su-
preme court October 8, 1913.    On October 18, 1913, the
district court for Bonneville county was in session, Judge
Gwinn presiding.    Mr. E. M. Holden, attorney for defend-
ant, asked the court to take up the settling of his bill of
exceptions and asked the court to enter an order staying exe-
cution taken out the same day.    These proceedings were taken
against the protest and objection of the attorney for plaintiffs.
On October 28, 1913, Judge Gwinn stated to plaintiffs' at-

torney that he had decided in favor of his jurisdiction to settle
the bill of exceptions and would settle the same and entertain
and hear a motion for a new trial. On October 28, 1913, mo-
tion for a new trial was filed by defendant.

Otto E. McCutcheon in his affidavit alleges on information
and belief and further by reason of said motion and notice
that it is the intention of the defendant by his said attorney
to bring up said motion for hearing in the near future, and
that it is the intention of the said Hon. James G. Gwinn,
judge of the district court as aforesaid, to hear the same
unless restrained by the writ of prohibition to issue out of
this court.

Thus it is shown in the affidavit that on the 18th day of
October, 1913, the deponent ordered and took out an execution
in said cause against the defendant for the collection of the
judgment and the attorney for the defendant moved the court
for a stay of proceedings against the execution in open court
in the presence of the deponent, whereupon the deponent
denied the jurisdiction of the court to stay proceedings and
the same was entered by the clerk without any bond or other
security to the plaintiffs for the judgment.

This application demands a writ restraining Judge Gwinn
from interposing stay of proceedings on the ground that it
will delay and interfere with the plaintiffs' collecting their
damages recovered by them and thereby realizing the fruits
of their judgment. There is no reason assigned on the part
of the defendant that justifies such extension of time by the
four orders made by Judge Stevens as jurisdictional, and it is
sufficient to call attention to the fact that the action is an
action in equity and the verdict of the jury is merely advisory.
Sec. 4396, Rev. Codes, provides: "The verdict of a jury is
either general or special. . . . ." The above section recog-
nizes a distinction between law and equity actions. (*Brady
v. Yost,* 6 Ida. 273, 55 Pac. 542; *Curtis v. Kirkpatrick,* 9 Ida.
629, 75 Pac. 760; *James v. McCann,* 78 Cal. 107, 20 Pac. 241;
*Bell v. Marsh,* 80 Cal. 411, 22 Pac. 170.)

By chap. 117, Laws of 1911, sec. 4818 of the Rev. Codes was
amended and now provides: "On an appeal from a final judg-

ment the appellant must furnish the court with a copy of the notice of appeal, of the judgment roll and of any bill of exceptions or reporter's transcript prepared and settled as prescribed in sec. 4434, upon which the appellant relies.''

Sec. 4441, Rev. Codes, amended by chap. 118, Laws of 1911, p. 377, provides the required proceedings of a party intending to move for a new trial, and sec. 4442 provides that ''the application for a new trial shall be heard at the earliest practicable period after notice of motion. . . . .''

Sec. 4807, Rev. Codes, was amended February 20, 1911, chap. 111, Laws of 1911, and par. 1 provides: ''An appeal may be taken to the supreme court from a district court: 1. From a final judgment in an action or special proceeding commenced in the court within which the same is rendered . . . . within sixty days after the entry of such judgment.''

The record in this case shows very clearly that these various papers were not prepared as the law requires.

It is also contended that the record shows want of diligence, delay and laches on the part of the defendant, and that the entire record shows the appeal has not been prosecuted in good faith or with a view of reversing the judgment rendered in the case. *Smith v. American Falls etc. Co.,* 15 Ida. 89, 95 Pac. 1059, announces and considers the proper rule in considering appeals.

''While the statute fixes no time within which a motion for a new trial must be heard, yet the statute does require that notice of intention to move for a new trial shall be served within ten days after the decision of the court, and that the application for a new trial shall be heard at the earliest practicable period after the notice of motion. This contemplates that the party intending to move for a new trial shall, with diligence, prosecute such motion. The fact that the judgment was rendered in July, 1906, and the statement was not settled until November 6, 1907, does not show diligence on the part of the appellant to bring about a hearing upon his motion for a new trial, and fails to show that the appellant is prosecuting the appeal in good faith. *McCrea v. McGrew,* 9 Ida. 382, 75 Pac. 67.'' The following cases are also cited in the

above case: *Lee Doon v. Tesh,* 131 Cal. 406, 63 Pac. 764; *Descalso v. Duane,* 3 Cal. Unrep. 893, 33 Pac. 328.

The rule announced by this court in the case of *Smith v. American Falls etc. Co., supra,* we approve as applicable in this case, and the present case, even more strongly than the Smith case supports the rule that the party intending to move for a new trial shall, with diligence, prosecute such motion; the record in the present case does not show diligence upon the part of the appellant to bring about a hearing upon his motion for a new trial, and fails to show that the appellant has prosecuted the appeal in good faith.

We therefore hold in this case that Hon. James G. Gwinn, judge of the district court of the ninth judicial district in and for the county of Bonneville, had no jurisdiction or authority to settle the bill of exceptions on the 3d day of November, 1913, at 2 o'clock in the afternoon of said day, or at any other time, as stated in the notice of E. M. Holden, attorney for defendant and cross-complainant, and served on the plaintiffs and their attorney; and also has no jurisdiction to proceed any further in this case.

The clerk of this court is directed to issue a writ of prohibition in accordance with the holding of this court. Costs awarded to petitioners.

Sullivan, J., concurs.

AILSHIE, C. J. (Dissenting from Conclusion Ordering Peremptory Writ.)—It occurs to me that the judgment and order of this court prohibiting a district judge from proceeding to settle a bill of exceptions or to hear a motion for a new trial *in a case pending* before him will strike the profession of this state with as much surprise as it does me. I am perfectly clear that this court has no right or authority to issue a writ of prohibition against Judge Gwinn restraining and prohibiting him from hearing and considering an application for settlement of a bill of exceptions or hearing and passing upon a motion for a new trial.

Now, preliminary to what I shall say in this case, I may observe that I am in entire harmony with what the majority of the court has said with reference to the neglect and laches on the part of the defendant in the case of *Behrensmeyer et al. v. Plank,* and that under such circumstances if his motion for a new trial should be denied by the trial court and he should appeal to this court, the appeal would undoubtedly be dismissed for the same reason that appeals were dismissed by this court in the cases of *Smith v. American Falls etc. Co.,* 15 Ida. 89, 95 Pac. 1059, and *McCrea v. McGrew,* 9 Ida. 382, 75 Pac. 67. Litigants must act with reasonable diligence and that certainly has not been done in this case. It must be remembered, however, that in the cases above cited and all the other cases dealing with the question of laches, the point has been discussed by the court in the exercise of its appellate jurisdiction and *in considering a case on appeal.* The determination of the question as to when a party is guilty of laches involves the exercise of discretion. Indeed, its determination signifies the exercise of discretion. The majority of the court do not pretend to hold that Judge Gwinn has lost jurisdiction by reason of the lapse of some statutory period prescribed for the doing of a thing, but they rather hold that he has lost jurisdiction by reason of the laches of a party to the action. This, I presume, is the first time that it has been announced by a court that the alleged *laches of a party* to an action *deprived the court of jurisdiction to act* upon the matter in which the party is charged to have been guilty of laches. The sole reason stated by the court for denying the jurisdiction of the district judge to hear or settle a bill of exceptions and to hear and pass upon the motion for a new trial is stated as follows: "The record in the present case does not show diligence upon the part of the appellant to bring about a hearing upon his motion for a new trial and fails to show that the appellant has prosecuted the appeal in good faith. We, therefore, hold in this case that Hon. James G. Gwinn, judge of the district court . . . . had no jurisdiction or authority to settle the bill of exceptions . . . . and also has no jurisdiction to proceed any fur-

ther in this case." Now, it is clear that the district judge has original jurisdiction to settle bills of exceptions and hear motions for a new trial. It is equally clear that the case of *Behrensmeyer v. Plank* is pending in the district court over which Judge Gwinn presides, and it is equally clear that he has jurisdiction of the subject matter involved in the action, and it is likewise clear that this court has not pointed out any statutory limitation of time beyond or after which a trial judge cannot act in such matters. Who knows that the trial judge may not, when he comes to consider the settling of this bill of exceptions, conclude that the party is guilty of such laches as to justify him in denying the application and declining to certify the same? Or suppose he settles this bill of exceptions, who can say that he will not deny a motion for a new trial, in which event his judgment would be final unless the defendant appealed to this court. *We are not confronted with the question as to whether or not the court is committing an error against one party or the other. We are confronted with the question as to whether he is acting without jurisdiction or not, and this court has so held so many times that it is needless to cite the authorities.* If he commits an error in a case where he has jurisdiction, the aggrieved party has a plain, speedy and adequate remedy to correct the same by appeal. If he has jurisdiction of the parties and the subject matter, then he has jurisdiction to commit the error, if any is committed, of which the parties complain. If the determination of the question of when a party is guilty of laches is one that appeals to the discretion of a court, as it undoubtedly does, then certainly the trial judge has a right in the first instance to determine whether or not this party has moved with due diligence or whether his seeming negligence is excusable for any reason, and the action and decision of the judge thereon will be subject to review by this court, and under the uniform holdings up to the present time this court would not disturb the decision of the trial court thereon, unless it could say that the trial judge had abused the legal discretion which was called in operation in deciding upon the question.

It is said in the majority opinion that "On October 28, 1913, Judge Gwinn stated to plaintiffs' attorney that he had decided in favor of his jurisdiction to settle the bill of exceptions and would settle the same and entertain and hear a motion for a new trial." The district judge, on the contrary, certifies in his return to the writ as follows:

"That prior to the service of the alternative writ of prohibition in this cause this defendant found no time nor opportunity on account of the press of court business to examine into or consider any of the objections interposed by counsel for the plaintiffs to the settlement of said bill of exceptions, except the jurisdiction of the subject matter as hereinbefore set out, and that up until the time of the service of the alternative writ of prohibition in this cause this defendant had never decided nor considered such objections, had not decided that he would settle the said bill of exceptions, or that he would entertain and hear the motion for a new trial on behalf of the defendant in said cause, and had given out no notice of any nature of any such decision, for the reason that no such decision had at that time been reached."

The reporter's notes of the proceedings had in court tend to support the return of the judge on this point.

The question raised by the plaintiff in this court as to whether the defendant took the necessary action in the first place within the statutory time or secured a proper extension thereof is not considered or discussed by the majority of the court, and so I refrain from considering that at this time. Neither do they consider the more serious and important question presented here of the right of the trial court to stay proceedings or to recall the execution previously issued and stay the levy of execution and sale of property.

While I disagree with the majority of the court in issuing a writ of prohibition in this case, I agree that there has been such negligence and laches in the case as would justify this court in dismissing an appeal if the case were here on appeal.